UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

GREGORY KAPORDELIS,

               Plaintiff,

-against-                                     MEMORANDUM & ORDER
                                              10-CV-4900 (NGG) (JMA)

CORY BRANT, JEROME COLEMAN,
ROBERT FITZSIMMONS, RODMAN CARL
BERGSTROM, EDGAR LACY, and SERGIE
KISHKINSKY,

               Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Gregory C. Kapordelis brings this pro se action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (See Complaint (Docket Entry #1).) Plaintiff's request to proceed in forma pauperis (Docket Entry #2) is granted for the purpose of this order. For the reasons set forth below, Plaintiff's complaint is dismissed.

I.     BACKGROUND

Plaintiff's allegations stem from his April 12, 2004, arrest at John F. Kennedy Airport in Queens, New York, and his subsequent indictment and conviction in the United States District Court for the Northern District of Georgia for producing, receiving, and possessing child pornography. See United States v. Kapordelis, 04-CR-0249 (CAP) (GGB) (N.D. Ga.); United States v. Kapordelis, 569 F.3d 1291 (11th Cir. 2009) ("Kapordelis I") (affirming conviction).

Plaintiff previously filed a similar Bivens action in this court, related to the same conviction. See Kapordelis v. Danzig, 09-CV-4019 (NGG) (CLP) (E.D.N.Y.). That action was transferred to the Northern District of Georgia. See Kapordelis v. Danzig, 09-CV-2653 (ODE) (N.D. Ga.). In his previous action, Plaintiff claimed that his constitutional rights had been

violated by, inter alia, "the abuses of legal process which resulted in Plaintiff's arrest, detention, and bond restrictions prior to May 4, 2004." (Order to Dismiss Complaint, Kapordelis v. Danzig, 09-CV-2653 (ODE) (N.D. Ga. Oct. 2, 2009) ("Order to Dismiss"), at 2.) Similarly, Plaintiff in the instant case states that his "sole" claim "pertains to the constitutional and financial damages resulting from his wrongful arrest on April 12, 2004, and the resultant detention and bond restrictions which followed." (Complaint at 14.)

In order to evade venue problems, Plaintiff limits his current claim to his arrest and initial detention, and the subsequent issuance of bond restrictions, all of which, he states, took place in the Eastern District of New York. (Complaint at 14.) In his previous action, Plaintiff, in addition to advancing an identical claim, also advanced claims relating to the search of his home in Georgia and his subsequent federal indictment in that state. (See Order to Dismiss at 2-3.) The search of Plaintiff's home resulted in the discovery of evidence that formed the basis for his child pornography convictions. See Kapordelis I, 569 F.3d at 1301-02.

In this case, as in the prior action, Plaintiff alleges that federal agents violated his constitutional rights by knowingly or recklessly presenting false information to obtain the warrant for Plaintiff's arrest at JFK Airport. (Complaint at 2.) This warrant was based on "essentially the same evidence" as the warrant for the search of his home. Kapordelis v. Danzig, No. 09-15422, 2010 WL 2812853, at *2 (11th Cir. July 19, 2010) ("Kapordelis II") (upholding dismissal of Plaintiff's prior Bivens action).

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents to determine if the complaint is "frivolous, malicious,

2

or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); see Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007) (discussing sua sponte standard of review under § 1915A for prisoners). A prisoner's complaint, like all complaints, must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When reviewing filings from a pro se plaintiff, the court must construe them liberally and interpret them as raising the strongest arguments they suggest. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

### III. DISCUSSION

Plaintiff's claim, which is identical to one of the claims he raised in his previous Bivens action, is barred by the doctrines of res judicata and collateral estoppel. See Esquire Trade & Finance, Inc. v. CBQ, Inc., 562 F.3d 516, 520 (2d Cir. 2009); Carney v. Philippone, 332 F.3d 163, 169-70 (2d Cir. 2003). It is also barred under Heck v. Humphrey, 512 U.S. 477 (1994), which prohibits collateral attacks on judgments of conviction through the vehicle of a civil suit. See id. at 485-86; Tavarez v. Reno, 54 F.3d 109 (2d Cir. 1995) (Heck bar applies to Bivens actions involving federal convictions).

Plaintiff's prior action was dismissed as barred under Heck since "a judgment in favor of [Kapordelis] would necessarily imply the invalidity of his conviction or sentence." (Order to Dismiss at 3 (quoting Heck, 512 U.S. at 487).) Federal agents made the same allegations in obtaining both the warrant for Plaintiff's arrest and the warrant to search his home, see Kapordelis II, 2010 WL 2812853, at *2, and the latter led to the discovery of the child pornography that was the basis for Plaintiff's conviction, see Kapordelis I, 569 F.3d at 1301-02.

3

Therefore, as the Court of Appeals explained in affirming the dismissal of Plaintiff's prior suit, "[s]uccess in this Bivens action" – predicated on the claimed falsity of the allegations the government advanced in order to secure the arrest warrant – "would necessarily [also] imply the invalidity of the search warrant and therefore of the resulting child pornography convictions." Kapordelis II, 2010 WL 2812853, at *2. This reasoning applies equally in the instant case, and therefore Plaintiff's claim is barred under Heck.[1]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 10, 2010

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Plaintiff, in his Complaint, argues that there is no Heck bar, since, in the criminal litigation, the Georgia district and appeals courts applied an unduly permissive standard in finding that the search of Plaintiff's home was justified. (Complaint at 17-20.) The standard those courts applied was so undemanding, Plaintiff argues, that, even if the government's false allegations had never been relied upon, the search of his home, and therefore his criminal conviction, would have been upheld. This argument is unavailing. At issue under Heck is whether Plaintiff's success in the instant action would – applying correct legal standards – imply that his criminal conviction was invalid. As explained above, it would. Plaintiff also points out that there may be no Heck bar where the admission of the allegedly tainted evidence in the criminal case was harmless or justified by an independent source. (Complaint at 18.) However, in Plaintiff's case, any error would not have been harmless, since the evidence of child pornography found in Plaintiff's home was central to his conviction. Nor is there any indication of an independent source justifying the search.

4